IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARNOLD & COMPANY, LLC and CRAIG ARNOLD,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID K. YOUNG CONSULTING, LLC,<br><br>Defendant. | ) | CV. NO. SA-13-CV-00146-DAE |

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE

On April 5, 2013, the Court heard the Motion to Consolidate Civil Action No. SA-13-CV-00146-DAE with Civil Action No. SA-13-CV-00149-DAE ("Motion to Consolidate") filed by Plaintiffs Arnold & Company, LLC ("A&C") and Craig Arnold ("Arnold") (collectively, "Plaintiffs") (doc. # 5).[1] Kyle C. Watson, Esq., and James E. Montgomery, Jr., Esq., appeared at the hearing on behalf of Plaintiffs; William H. Ford, Esq., and Veronica S. Wolfe, Esq., appeared at the hearing on behalf of David K. Young Consulting, LLC ("DKYC" or "Defendant"). After reviewing the Motion, the Court **GRANTS** Plaintiffs' Motion

[1] Except where otherwise noted, all citations are to the docket in Cv. No. SA-13-CV-00146-DAE.

to Consolidate.

BACKGROUND

Plaintiffs seek to combine the instant action, Arnold & Co., LLC, et al. v. David K. Young Consulting, LLC, Cv. No. SA-13-CV-00146-DAE, with David K. Young Consulting, LLC v. Craig C. Arnold, Cv. No. SA-13-CV-00149-DAE. Both lawsuits stem from Plaintiff Arnold's sale of his company, Plaintiff A&C, to DKYC on March 27, 2012 and the employment agreement Arnold entered into with DKYC that same day. ("Compl.," Doc. # 1 ¶¶ 8, 9, 13.) Plaintiffs allege that DKYC wrongfully terminated Arnold's employment on December 28, 2012 after failing to comply with the terms of the employment agreement. (Compl. ¶ 14.) Plaintiffs also allege that DKYC has defaulted on a promissory note and has refused to allow A&C "to retrieve its equipment, computers, furniture and other personal property from its former premises." (Id. ¶ 15.)

DKYC in turn alleges that since Arnold's termination on December 28, 2012, he has breached a Non-Competition Agreement entered into by the parties. (Cv. No. SA-13-CV-00149-DAE, Doc. # 1 Ex. 1.) On January 28, 2013, DKYC filed a complaint in Texas state court ("DKYC's Texas suit") seeking enforcement of the Non-Competition Agreement, a temporary restraining order,

and a temporary and permanent injunction. (Id.)

Plaintiffs filed the instant action on February 27, 2013, asserting causes of action for breach of contract, breach of a promissory note, conversion, and seeking a declaratory judgment regarding the enforceability of the Non-Competition Agreement and the scope of the original agreement governing DKYC's purchase of A&C. (Id.) On the same day, Arnold removed DKYC's Texas suit to this Court. (Cv. No. SA-13-CV-00149-DAE, Doc. # 1.) On March 18, 2013, Plaintiffs filed the Motion to Consolidate currently before the Court. ("Mot.," Doc. # 5.) DKYC did not file a Response in Opposition, but its counsel indicated that DKYC would not agree to consolidation until the Court had ruled on its Motion to Remand filed in the related case, Cv. No. SA-13-CV-00149-DAE. (Doc. # 5 ¶ 12.) On April 8, 2013, the Court denied DKYC's Motion to Remand. (Cv. No. SA-13-CV-00149-DAE, Doc. # 11.)

DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," a court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v.

Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Luera v. M/V Alberta, 635 F.3d 181, 194 (5th Cir. 2011).

In weighing whether to consolidate two actions, courts consider factors such as whether the actions are pending before the same court; whether the actions involve a common party; any risk of prejudice or confusion from consolidation; the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; whether consolidation will reduce the time and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial. See, e.g., Harris v. Bexar Cnty., No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (quoting Zolezzi v. Celadon Trucking Servs. Inc., No. H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009)).

The Court concludes that consolidation is appropriate here. The two cases at issue involve common questions of law and fact. Both involve interpretation of the parties' Non-Competition Agreement and analysis of the parties' respective rights and obligations under that agreement and the Asset Purchase Agreement governing the sale of A&C to DKYC. Both cases involve essentially the same parties. Consolidation will not cause delay; the cases were filed less than one month apart, no dispositive motions have been filed in either

case, and very little discovery has occurred. There is no contention that any prejudice or confusion will result from consolidation. "In this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" Gentry, 487 F.2d at 581 (quoting Dupont v. S. Pac. Co., 366 F.2d 193, 195 (5th Cir. 1966)). Here, consolidation will expedite trial of these cases and eliminate unnecessary repetition and confusion.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Consolidate. (Doc. # 5.) The two actions (Civil Action No. SA-13-CV-00146-DAE and Civil Action No. SA-13-CV-00149-DAE) are hereby consolidated for all purposes.

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 8, 2013.

________________________________
David Alan Ezra
Senior United States District Judge